PEOPLE v ASLIN

Docket No. 92910. Submitted April 14, 1988, at Lansing. Decided
    March 28, 1989. Leave to appeal applied for.

John Eric Aslin was convicted by a jury in Genesee Circuit Court
    of felony murder in connection with the robbery and death by
    heart attack of a seventy-six-year-old victim. The trial court,
    Philip C. Elliott, J., imposed a sentence of life imprisonment.
    Defendant sought and was granted leave to file a delayed
    appeal, claiming insufficient evidence of mens rea was pre-
    sented in support of the conviction for felony murder.

    The Court of Appeals *held:*

    The intent required for a conviction under the felony-murder
    statute is not established by mere proof of a death in the course
    of the underlying felony. The prosecution must present proofs
    from which the jury could rationally find that, while commit-
    ting the underlying offense, the defendant acted with intent to
    kill, with intent to do great bodily harm, or with wanton and
    wilful disregard of the likelihood that the natural tendency of
    his behavior was to cause death or great bodily harm. Here, the
    circumstances surrounding the underlying robbery, as estab-
    lished by the prosecution's proofs, are sufficient to sustain the
    jury's finding that defendant acted with wanton and wilful
    disregard of the likelihood that the natural tendency of his
    behavior was to cause death or great bodily harm to the victim.
    Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.
    An appellate court, in determining whether a conviction was
        based on sufficient evidence, must view the proofs in a light
        most favorable to the prosecution and decide whether there
        was sufficient evidence to justify a rational trier of fact in
        finding guilt beyond a reasonable doubt.

2. HOMICIDE — FELONY MURDER — MENS REA.
    The intent required for a conviction under the felony-murder
        statute is not established by mere proof of a death in the course

REFERENCES
Am Jur 2d, Appeal and Error §§ 838, 883; Homicide §§ 10, 46, 72.
Judicial abrogation of felony murder doctrine. 13 ALR4th 1226.

of the underlying felony; the prosecution must present proofs from which the jury could rationally find that, while committing the underlying offense, the defendant acted with intent to kill, with the intent to do great bodily harm, or with wanton and wilful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm (MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Charles Campbell,* for defendant on appeal.

Before: BEASLEY, P.J., and HOOD and R. L. TAHVONEN,* JJ.

PER CURIAM. The only substantial question in this case is whether the evidence was sufficient to support the jury's verdict finding the defendant guilty of felony murder, MCL 750.316; MSA 28.548. Convicted and sentenced to life in prison for that crime, defendant sought and was granted leave to file a delayed appeal, arguing that the proofs were legally inadequate. We disagree and affirm.

On May 21, 1984, seventy-six-year-old Ella Stephens died of a heart attack shortly after being robbed by the defendant in her home. Acknowledging that the jury could properly find that the defendant committed the robbery and that Ms. Stephens died as a result of the stress it created, defendant pointedly contends the evidence did not warrant the conclusion that he acted with the mens rea necessary to support a murder conviction.

The question before us must be answered by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

viewing the proofs in a light most favorable to the prosecution, and evaluating whether a rational trier of fact could have found that defendant entertained the requisite intent. *People v Petrella,* 424 Mich 221, 268; 380 NW2d 11 (1985); *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

In *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), our Supreme Court held that the intent necessary for felony murder could not be supported by merely presenting proof of a death in the course of a felony enumerated in MCL 750.316; MSA 28.548. Rather, the prosecution must present proofs from which the jury could rationally find that, while committing the underlying offense, the defendant acted with intent to kill, with the intent to do great bodily harm, or with wanton and wilful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. *Id.*; see also *People v Kelly,* 423 Mich 261; 378 NW2d 365 (1985). Here, the circumstances surrounding the underlying robbery, as established by the prosecution's proofs, are sufficient to sustain the jury's finding that defendant acted with wanton and wilful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. Thus, the proofs presented were sufficient to sustain the conviction.

Ms. Stephens' neighbors were alerted to a problem in the early morning hours, when they heard screaming and hollering from outside. Upon investigating the noise, Ms. Stephens was discovered standing in her front yard, wearing a nightgown and carrying a flashlight. She was very upset, and continuously repeated: "I've been robbed." At one point, she stated that a robber broke into her house and knocked her down. She was shaking,

and witnesses described her as pale and petrified. Ms. Stephens was taken to a neighbor's home, where she collapsed and died of a heart attack before the paramedics could arrive. Investigation of Ms. Stephens' home revealed that a table and telephone had been knocked over. The telephone wire had been ripped from its connection. A woman's purse and wallet were sitting on top of the kitchen table.

Ms. Stephens' grandson, Glenn Stephens, testified that he had known defendant for about two years before his grandmother's death. During that period of time, Glenn had lived with his grandmother for a few months in order to care for her following a previous heart attack. Glenn testified that defendant knew where Glenn's grandmother lived and knew about her history of heart problems. Defendant had been to Ms. Stephens' home while Glenn was living there. Defendant also knew of Ms. Stephens' habit of keeping large amounts of cash in her home, usually stored in her purse.

Another witness testified that defendant had stated that he had robbed an old lady by pushing her down, demanding her money, and pushing her down again.

We find the evidence produced at trial could lead a rational trier of fact to conclude that defendant knew about the victim's vulnerable state of health, and that defendant's actions were such as to evince a wilful or wanton disregard for the likelihood that serious consequences to his victim amounting to great bodily harm or death would result. Confronting an older woman in her own home at night, and twice knocking her down, was likely to cause her injury. Knowledge of her heart condition increased the predictability of serious harm from these actions. At a minimum another heart attack was likely and death possible. The

evidence that defendant acted in spite of his special knowledge concerning Ms. Stephens' health was sufficient to satisfy the requirement in *Aaron, supra,* and *Kelly, supra.*

We decline to address defendant's great weight of the evidence argument, since the issue has not been preserved.

Affirmed.